# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 8:24-cr-429-CEH-CPT

SLAWOMIR WINIEWSKI (1),
WIESLAW ROBERT RUTA (2), and
PIOTR MAREK ADAMCZYK (3)

_____/

## **O R D E R**

This cause is before the Court on Defendants' Motion Seeking Exclusion of Electronic Data Evidence Provided to Defense Counsel on the Eve of Trial or Alternatively Remove this Matter from the Trial Docket and Set a Status Conference (Doc. 87) and the Government's response (Doc. 92). A hearing on the motion was held on February 19, 2026. In their motion, Defendants[1] request the Court exclude from trial in this matter, all data extraction evidence made available to defense counsel on February 6, 2026. Defendants claim that it would be impossible for them to review all this data prior to the trial in this matter scheduled for February 23, 2026.

In their motion, Defendants argue that the extraction evidence was produced late in violation of the timely disclosure required by Federal Rule of Criminal Procedure 16. Defendants further argue that allowing the extraction evidence at trial

---

[1] Defendant Winiewski does not join in the motion insofar as he does not intend to contest the allegations against him at trial, however he does not oppose the relief sought by the other defendants. Doc. 87 at 3.

would be overly prejudicial because they do not have sufficient time to review the voluminous evidence. The data extraction evidence consists of approximately 683 gigabytes of data including text messages, chat communications, emails, images, and location information obtained from Defendants' cell phones. The extraction data includes communications that are in Polish and Spanish, which Defendants argue would require interpreters.

In its response, the Government argues that Rule 16 requires the government to permit inspection of material within its possession, custody, or control but it does not impose a duty on the government to create evidence or conduct forensic testing by a particular deadline. The Government argues that the production was not late because the extraction data did not exist prior to February 6, 2026, and was produced to Defendants promptly upon its creation by the Department of Homeland Security. The Government further argues that Defendants are not prejudiced because it has identified what specific evidence from the extraction will be presented at trial (twenty-five photos and two videos). Additionally, the Government argues that the extraction evidence came from Defendants' phones so they cannot claim surprise about their own evidence.

During the hearing on the motion, the Government conceded that the extraction evidence was within its possession, custody, and control, but argued that if the Court finds a discovery violation has occurred, it should issue the least severe sanction necessary to cure the violation such as a continuance of trial.

## DISCUSSION

"Rule 16 requires that the government permit the defendant, upon request, to inspect any papers, documents, or tangible objects that are in the government's possession and (1) are material to preparing the defense, (2) are intended to be used by the government in its case in chief, or (3) were obtained from the defendant." *United States v. Rubinstein*, 466 F. App'x 848, 852 (11th Cir. 2012) (citing Fed. R. Crim. P. 16(a)(1)(E)). The government has a continuing duty to disclose newly discovered evidence. *See* Fed. R. Crim. P. 16(c). "[W]hile the government may not leave evidence in the hands of another to avoid disclosure, if the evidence is not in the government's possession, custody, or control, then it is not subject to discovery." *United States v. Rubinstein*, 466 F. App'x 848, 852 (11th Cir. 2012).

Relief for a discovery violation lies within the discretion of the trial court. *United States v. Mosquera*, 886 F.3d 1032, 1045 (11th Cir. 2018). Under Fed. R. Crim. P. 16(d)(2), the district court has the power to enforce its discovery orders. "[T]he district court should impose the least severe sanction necessary to ensure prompt and complete compliance with its discovery orders. Factors for the district court to consider in deciding to impose a sanction include reasons for the delay in complying with the discovery order, whether there was any bad faith on the part of the prosecution, prejudice to the defendant, and the availability of a means to cure the prejudice, including continuances and recesses." *United States v. Turner*, 871 F.2d 1574, 1580 (11th Cir. 1989) (citation modified).

The Court finds that the Government's late production of the extraction evidence is a violation of Rule 16. The Government is not excused from its Rule 16 obligations by the fact that the documents were in the possession of the Department of Homeland Security. *See United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003) ("While Rule 16(a) only applies to materials within the 'possession, custody, or control of the government,' courts have found that the 'possession, custody, or control of the government' requirement includes materials in the hands of a governmental investigatory agency closely connected to the prosecutor."). Additionally, the Government conceded during the hearing that the extraction evidence was within its possession, custody, and control. Defendants are also prejudiced by the late production of the extraction evidence. *See United States v. Rubinstein*, 466 F. App'x 848, 852 (11th Cir. 2012) (Substantial prejudice exists if the defendant "was unduly surprised and did not have an adequate opportunity to prepare a defense or the mistake had a substantial influence on the jury." (citation modified)). Defendants need sufficient time to review the 683 gigabytes of data, much of which is in Spanish or Polish. Even though the Government may only offer a small fraction of this data at trial, Defense counsel have an obligation to review all of the data before trial, which is scheduled for February 23, 2026. The prejudice to Defendants, however, can be allayed by continuing the trial.

Accordingly, Defendants' Motion Seeking Exclusion of Electronic Data Evidence Provided to Defense Counsel on the Eve of Trial or Alternatively Remove this Matter from the Trial Docket and Set a Status Conference (Doc. 87) is

**GRANTED** to the extent that Defendants seek a continuance. This case is continued until the **May 2026 TRIAL TERM**, commencing May 4, 2026.  After considering all the factors, including those set forth in 18 U.S.C. § 3161(h)(7)(B), and for the reasons stated in the motion and at the hearing, the Court finds that the ends of justice served by granting such a continuance outweigh the best interest of the public and the defendant(s) in a speedy trial.  The Court, therefore, determines that the time from today until the end of the May 2026 trial term shall be "excludable time" pursuant to 18 U.S.C. § 3161(h).

The status conference is rescheduled for **April 21, 2026, at 10:30 AM** before the undersigned.

**DONE AND ORDERED** in Tampa, Florida on February 19, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies:
Counsel for Defendant
United States Attorney
United States Magistrate Judge
United States Marshal Service
United States Probation Office
United States Pretrial Services