**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                          CASE NO: 8:24-cr-429-CEH-CPT

SLAWOMIR WINIEWSKI (1),
WIESLAW ROBERT RUTA (2), and
PIOTR MAREK ADAMCZYK (3)

_____/

**ORDER**

This matter comes before the Court on the Government's Motion for Judicial Determination that the Vessel was Subject to the Jurisdiction of the United States (Doc. 88), the Government's Motion *in Limine* to Preclude Argument About Penalties Faced by the Defendant (Doc. 89), and Defendant Wieslaw Ruta's Motion *in Limine* Seeking Exclusion of Improper Expert Testimony and Unfairly Prejudicial Cumulative Testimony (Doc. 95), to which the Government responded (Doc. 97). The Court heard argument on these motions on February 19, 2026, at which point oral rulings were issued. This Order serves to memorialize the Court's oral pronouncements.

**DISCUSSION**

The Government filed a motion for judicial determination and a motion *in limine* in anticipation of trial, and the Court has issued oral rulings on them (Docs. 88, 89). The Court also ruled on a motion *in limine* filed by Defendant Ruta (Doc. 96).

"A Motion *In Limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (citation omitted). "The real purpose of a Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials)).

Under Rule 403 of the Federal Rules of Evidence ("FRE"), the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Federal Rule of Evidence 701 permits lay witnesses to give opinion testimony if that testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

    1.  <u>The Government's Motion for Judicial Determination</u>

The Government requests that the Court find that the vessel in this case was subject to the jurisdiction of the United States at the time it was interdicted by the United States Coast Guard. Defendants did not file a response and only objected for the purpose of preserving the issue for appeal. The Court grant's the Government's motion based on the current state of the law and consistent with the Court's prior order. In its prior order, the Court found that Defendants' vessel was "subject to the jurisdiction of the United States." Doc. 64 at 7. The Government has provided sufficient information, including the *United States Department of State Certification for the Maritime Drug Law Enforcement Act Case Involving Sailing Vessel Nicollet*, *see* Doc. 50-1, for the Court to determine that the United States has jurisdiction based upon the plain language of the Maritime Drug Law Enforcement Act.

2.  The Government's Motion *in Limine*

The Government moves to preclude Defendants from advising the jury of the penalties they face. Defendants did not file a response and did not object during the hearing. As a result, the Government's motion *in limine* is well-taken and is granted. The jury shall not be advised of the penalties defendants face, if convicted.

3.  Defendant Ruta's Motion *in Limine*

Defendant Ruta moves to exclude testimony from Special Agent Daniel McDonough. Defendant argues that this testimony would violate FRE 403. Defendant argues that the Government will ask Agent McDonough his opinion regarding practices, locations, and techniques of the drug trafficking industry and the

3

Government in turn will apply broad trends in the drug trafficking industry to Defendants.

The Government responds that FRE 701 and caselaw support Agent McDonough delivering lay opinion testimony based on his professional experiences. The Government argues that lay witnesses can testify based on their particularized knowledge garnered from years of experience within a field.

The Court denies the motion without prejudice. The Court agrees with the Government that the caselaw on FRE 701 supports law enforcement officers testifying as lay witnesses on their particularized knowledge. *See United States v. Jones*, 657 F. App'x 938, 945 (11th Cir. 2016) ("[L]ay witnesses, including police officers, may offer testimony based on particularized knowledge garnered from experience in a particular field."). The Court at this point cannot determine whether Agent McDonough's testimony is unfairly prejudicial or cumulative under FRE 403 without having heard any trial testimony. This issue cannot be decided in a vacuum. Defendants can make the appropriate objections to this issue at trial.

Accordingly, it is hereby

**ORDERED:**

1.      The Government's Motion for Judicial Determination that the Vessel was Subject to the Jurisdiction of the United States (Doc. 88) is **GRANTED**.

2.      The Government's Motion *in Limine* to Preclude Argument About Penalties Faced by the Defendant (Doc. 89) is **GRANTED**.

3.       Defendant Wieslaw Ruta's Motion *in Limine* Seeking Exclusion of Improper Expert Testimony and Unfairly Prejudicial Cumulative Testimony (Doc. 95) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on February 20, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties