UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:24-cr-429-CEH-CPT

SLAWOMIR WINIEWSKI

## NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSES, AND FACTUAL BASIS

The United States of America, by and through Gregory W. Kehoe, United States Attorney for the Middle District of Florida, hereby provides notice of the maximum penalties, essential elements, and factual basis for the charged offenses in the above captioned case. The United States provides notice of the following in anticipation of the above-named defendant entering a change of plea in this case:

## ESSENTIAL ELEMENTS

The essential elements of Count One, a violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, while on board a vessel subject to the jurisdiction of the United States, are as follows:

First:      That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment; and

Second:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

Third:        That the object of the unlawful plan was to possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine.

The essential elements of Count Two, a violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), possession with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, while on board a vessel subject to the jurisdiction of the United States, are as follows:

First:        That the Defendant knowingly possessed a mixture or substance containing a detectable amount of cocaine, as charged;

Second:       That the Defendant intended to distribute the cocaine;

Third:        That the weight of the mixture or substance possessed containing a detectable amount of the cocaine was five (5) kilograms or more.

Although not elements of the offenses charged in Counts One and Two of the Indictment, the Government has the burden of establishing that the subject vessel was subject to the jurisdiction of the United States. In this case, the United States would show that the subject vessel is a vessel without nationality under 46 U.S.C. § 70502(c)(1)(A). Whether or not a vessel is subject to the jurisdiction of the United States is a preliminary question of law to be determined by the trial judge rather than an element of the offense submitted to the jury. 46 U.S.C. § 70504(a). *See also*, *United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002).

## PENALTY

The offenses charged in Counts One and Two of the Indictment are each punishable by a mandatory minimum term of imprisonment of ten (10) years up to life, a fine not to exceed $10,000,000, a term of supervised release of at least five (5) years up to life, and a special assessment of $100. *See* 21 U.S.C. § 960(b)(1)(B)(ii). Additionally, the defendant must forfeit property, pursuant to 46 U.S.C. § 70507, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), as outlined in the Indictment.

## FACTUAL BASIS

On or about September 20, 2024, a military patrol aircraft (MPA) sighted a sailing vessel (SV) in the international waters of the Caribbean Sea, approximately 197 nautical miles north of Barranquilla, Colombia. The USCGC RESOLUTE was patrolling nearby with a Coast Guard law enforcement team onboard. The RESOLUTE launched a small boat with a Coast Guard boarding team to intercept the S/V. The S/V was compliant upon the small boat's arrival. The Coast Guard then gained positive control of the S/V.

The Coast Guard then conducted a right of visit (ROV) boarding, and the defendant, Slawomir Winiewski, Wieslaw Robert Ruta and Piotr Marek Adamczyk, were identified as the persons onboard the S/V.  The vessel was identified as the NICOLLET.   In response to questioning by the USCG boarding team, Slawomir Winiewski identified himself as the master and made a claim of Polish nationality for NICOLLET, which displayed a Polish flag, a registration number and had the homeport of Gdansk, Poland displayed on the stern.

3

Pursuant to Article 17 of the United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, the USCG approached the Government of Poland and requested confirmation of the registry and nationality of NICOLLET. The Polish government denied registry of the NICOLLET. Further, the Polish government provided information on another vessel with a similar name but a different registration number. The boarding team was able to confirm the master and vessel registration presented to the USCG by Winiewski for the NICOLLETT did not match the information provided by the Polish government. In accordance with 46 U.S.C. § 70502(c)(1)(A) and (d)(1)(a), the USCG treated the NICOLLET as a vessel without nationality and subject to the jurisdiction of the United States. At the time of interdiction by the USCG, the NICOLLET was seaward of the territorial seas of any nation and in international waters.

A Department of State Certification was issued on October 17, 2024, certifying that the vessel NICOLLETT interdicted by the USCG on September 20, 2024 was a vessel subject to U.S. jurisdiction under 46 U.S.C. § 70502(c)(1), filed on March 31, 2025, and adopted by the Honorable Charlene E. Honeywell on February 20, 2026. Docs. 50-1; 107.

During the law enforcement boarding, the boarding team seized 743 kilogram packages of suspected cocaine hidden behind the interior walls of the Master's state room. The boarding team performed two IONSCAN tests on the contraband, both testing positive for cocaine. Laboratory testing of the kilograms by Drug

4

Enforcement Administration forensic chemists subsequently confirmed the kilograms were cocaine with a net weight of 735 kilograms.

Seized by the Coast Guard during the boarding were various electronic devices, including a cellular phone belonging to Winiewski.   Pursuant to a search of the devices, photographs were recovered from Winiewski's phone depicting the construction of the false compartment in the NICOLLETT's Master state room where the cocaine was hidden.

The defendant, Slawomir Winiewski, willingly agreed to transport cocaine aboard the S/V with his codefendants, Wieslaw Robert Ruta and Piotr Marek Adamczyk, and others. The purpose of the agreement was to smuggle the cocaine through international waters for distribution to other persons. The defendant knew the packages onboard the S/V contained five (5) or more kilograms of cocaine and knew that the planned voyage was a drug smuggling venture.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:   /s/ *Joseph K.* Ruddy
Assistant United States Attorney
United States Attorney No. 037
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: joseph.ruddy@usdoj.gov

**U.S. v. Slawomir Winiewski**                    **Case No. 8:24-cr-429-CEH-CPT**

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

> */s/ Joseph K. Ruddy*
> JOSEPH K. RUDDY
> Assistant United States Attorney
> United States Attorney No. 037
> 400 N. Tampa St., Ste. 3200
> Tampa, FL 33602-4798
> Telephone: (813) 274-6000
> Facsimile: (813) 274-6358
> E-mail: joseph.ruddy@usdoj.gov