**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **Case No.: 8:24-cr-429-CEH-CPT-1**

**SLAWOMIR WINIEWSKI**
_____________________________________ /

**DEFENDANT'S TIME-SENSITIVE MOTION TO CORRECT AND REDUCE SENTENCE UNDER RULE 35(a)**

Slawomir Winiewski, through undersigned counsel, moves under Federal Rule of Criminal Procedure 35(a) to correct his sentence from 165 months to 108 months on each count, concurrently. A material premise of the sentence was that his term had to exceed the 151 months imposed on a codefendant whom the Court viewed as less culpable. That comparison failed to account for Mr. Winiewski's guilty plea and acceptance of responsibility, as distinguished from the codefendant's conviction after trial. The defense seeks correction of that premise and expressly objects to the sentence as procedurally and substantively unreasonable.

This motion is time-sensitive because Rule 35(a) requires the Court to act within its correction period. Mr. Winiewski requests a ruling by October 9, 2026, and in all events no later than October 13, 2026, the deadline calculated below. See Local Rule 3.01(f).

**I. The sentence and the comparison requiring correction**

On September 28, 2026, the Court sentenced Mr. Winiewski to concurrent terms of 165 months on Counts One and Two. The written judgment was filed September 29. Doc. 212 at 1–3. He pleaded guilty to both counts without a written plea agreement. Doc. 212 at 1; PSR ¶¶ 6–7, 22, 67. The defense requested 108 months, and the Court denied the oral motion for a downward variance for the reasons stated at sentencing. Docs. 210–211.

At sentencing, the Court sustained the defense objections to obstruction and the denial of acceptance, and found Mr. Winiewski eligible for safety-valve relief. Those rulings yielded total offense level 34, criminal history category I, and an advisory range of 151–188 months: level 38, plus two for serving as captain, less two each for safety valve, acceptance, and zero-point status.[1]

As undersigned counsel understood the Court's explanation, the Court considered the codefendant who received 151 months "less culpable," and treated that sentence as requiring a longer term for Mr. Winiewski. The Court thus used the codefendant's sentence as a floor in rejecting 108 months and imposing 165 months. The defense challenges that use of the comparison, not

[1] The transcript of the sentencing hearing is unavailable and due to the time-sensitive nature of this motion will not be prepared before trial. Counsel has tried to be as accurate as possible to his perceptions of the Court's rulings.

the Court's finding that Mr. Winiewski bore greater responsibility for the underlying conduct.

**II. Rule 35(a) permits only prompt correction of clear error**

Rule 35(a) permits correction within 14 days of sentencing for "arithmetical, technical, or other clear error." Sentencing means the oral announcement. Fed. R. Crim. P. 35(c). Excluding September 28, the fourteenth day is October 12, a legal holiday. Rule 45(a)(1)(C) and (a)(6)(A) therefore make October 13, 2026 the last day for correction.

The defense recognizes the narrow scope of this authority. Rule 35(a) reaches obvious sentencing mistakes that would almost certainly require remand; it does not permit a court simply to reconsider the appropriateness of its sentence or revisit a debatable Guidelines interpretation. *United States v. Lett*, 483 F.3d 782, 787–89 (11th Cir. 2007). Accordingly, this motion identifies a claimed factual and legal error in the premise used to select the sentence. The hypothetical calculation below illustrates that error; it is not offered as an independent basis to reopen another defendant's sentencing or to expand Rule 35(a). Failure to make an individualized sentencing determination is clear error. *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008); *Gall v. United States*, 552 U.S. 38, 47 (2007).

**III. Greater offense culpability did not require a longer final sentence**

Relative culpability is relevant to sentencing, but it does not by itself determine the order of final sentences. Section 3553(a)(6) addresses unwarranted disparities among defendants with similar records and similar conduct. The Court must assess Mr. Winiewski individually under all the statutory factors. *Gall,* 552 U.S. at 49–51. *Gall* also recognizes that sentencing must account for material differences among codefendants, rather than impose unwarranted similarities. *Id.* at 55.

The Eleventh Circuit likewise distinguishes defendants who plead guilty and cooperate from defendants who proceed to trial without assisting the Government. *United States v. Docampo*, 573 F.3d 1091, 1101–02 (11th Cir. 2009). *Docampo* involved the Court's determination that a defendant that goes to trial is not similarly situated to a defendant that pleads and found the Courts determination to sentence a defendant that went to trial more severely than one the pleaded is well reasoned. Here, Mr. Winiewski's admission of guilt and the Court's acceptance-of-responsibility ruling were determinations that he is not similarly situated with his codefendants.

The defense does not suggest that exercising the right to trial justifies punishment. The distinction is the availability of lawful reductions for acceptance and other independently established mitigating circumstances. A

guilty plea does not automatically establish safety-valve eligibility or a mitigating role; conversely, proceeding to trial does not itself bar those adjustments. U.S.S.G. §§ 2D1.1(b)(18), 3B1.2, 3E1.1 & cmt. nn.2–3. The codefendant's actual 151-month sentence therefore cannot be treated as a pure measure of offense culpability, detached from the findings and adjustments underlying it.

The resulting error was consequential. Mr. Winiewski could bear greater responsibility for the cocaine venture while receiving a shorter final sentence after acceptance of responsibility and individualized consideration of § 3553(a). Treating 151 months as an indispensable floor foreclosed that possibility before the defense request was evaluated on its own merits. The defense submits that a categorical floor based on a materially different defendant's sentence is a clear error susceptible to correction under Rule 35(a).

**IV. The proposed comparison yields level 19 and 30–37 months**

For comparison, the defense submits that the codefendant had no criminal history, qualified for zero-point treatment, and was safety-valve eligible. Mr. Winiewski's account of the crew's limited knowledge and participation supports the defense position that, accepting the conviction, a minimal-role adjustment would have been warranted. *See* PSR ¶ 18; U.S.S.G. § 3B1.2(a). Assuming those findings, a timely guilty plea establishing

acceptance, the required Government motion for the third acceptance level, and no additional enhancement, the calculation is:

| **Hypothetical Guideline Calculation** | **Minimal Role** | | **Minor Role** | |
|---|---|---|---|---|
| **Guideline Step** | **Change** | **Level** | **Change** | **Level** |
| Drug quantity of 735 kilograms of cocaine § 2D1.1(c)(1) | — | 38 | — | 38 |
| Mitigating-role base-level reduction § 2D1.1(a)(5) | −6 | 32 | −6 | 32 |
| Minimal-participant base-level cap § 2D1.1(a)(5), final sentence | −2 | 30 | — | 32 |
| Safety valve § 2D1.1(b)(18) | −2 | 28 | −2 | 30 |
| Mitigating Role § 3B1.2 | −4 | 24 | −2 | 28 |
| Acceptance of responsibility § 3E1.1(a) and (b) | −3 | 21 | −3 | 25 |
| Zero-point offender § 4C1.1 | −2 | 19 | −2 | 23 |
| **Total offense level / criminal history category** | **19 / I** | | **23 / I** | |
| **Advisory imprisonment range Chapter 5, Part A** | **30–37 months** | | **46–57 months** | |

This is a hypothetical plea-based comparison, not a finding that the codefendant's actual range was 30–37 months. The level-30 base cap and the separate four-level role adjustment perform distinct functions. Statutory safety-valve relief is also essential to sentencing below the ten-year minimum. 18 U.S.C. § 3553(f). The comparison does not seek to disturb the codefendant's verdict or judgment, or to assume that merely pleading guilty would have produced every reduction.

Viewed on that basis, 108 months would remain 71 months above the high end of the codefendant's hypothetical range. Even if the Court determined that the codefendant should only receive minor role, this 108-month sentence would reflect nearly double the 57-month high-end sentence range of the codefendant. It would meaningfully reflect Mr. Winiewski's greater culpability without making another defendant's post-trial sentence determinative. The Court need not adopt a mathematical ratio between sentences to recognize why the unadjusted 151-month comparison does not rule out 108 months.

**V. Relief and express objections to the sentence**

Mr. Winiewski requests correction to 108 months on each count, concurrently. His safety-valve eligibility permits a sentence below the otherwise applicable ten-year minimum. 18 U.S.C. § 3553(f). Nine years would account for the serious quantity of cocaine and his responsibility as captain while recognizing his guilty plea, acceptance, zero-point status, history of recovery and education, legitimate employment, and family ties. Those circumstances support the requested variance from his own advisory range; the hypothetical comparison reinforces that request but does not replace his individualized sentencing analysis.

Mr. Winiewski expressly objects to the sentence as procedurally unreasonable to the extent it rests on a mistaken equation of relative offense culpability with final sentence length, treats the codefendant's 151 months as

a required floor, or fails to account meaningfully for the plea and acceptance distinction in denying 108 months. See *Gall*, 552 U.S. at 50–51. He requests a specific ruling on whether the Court relied on that premise and, if so, correction of the resulting sentence.

He also expressly objects to 165 months as substantively unreasonable and greater than necessary under § 3553(a). In his submission, the sentence gives excessive and determinative weight to the unadjusted codefendant comparison and insufficient weight to his acceptance and individual mitigation. *See generally United States v. Irey*, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc). The additional 57 months beyond the requested nine years are not justified by the need merely to exceed the codefendant's sentence.

The defense maintains that its request for 108 months preserved the general claim that a longer sentence is substantively unreasonable. *Holguin-Hernandez v. United States*, 589 U.S. 169, 173–75 (2020). It now states the specific objections above expressly, without waiving any objection previously made.

**CONCLUSION**

Mr. Winiewski respectfully requests that the Court promptly grant this motion, correct his terms of imprisonment to 108 months on each count, concurrently, and enter an amended judgment reflecting that correction. Alternatively, he requests such lesser term as the Court determines is

warranted upon correction of the identified error. He requests an express ruling on his procedural and substantive objections if the Court denies relief.

DATED this 5th day of October 2026.

Respectfully submitted,

CHARLES PRITCHARD, JR.
FEDERAL DEFENDER

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Defender
Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Joseph K. Ruddy, AUSA

/s/ Ryan J. Maguire
Ryan J. Maguire, Esq.
Assistant Federal Defender