UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:24-cr-429-CEH-CPT

SLAWOMIR WINIEWSKI

**UNITED STATES' RESPONSE TO DEFENDANT'S TIME SENSITIVE MOTION TO CORRECT AND REDUCE SENTENCE UNDER RULE 35(a)**

The United States files this response to defendant's Time Sensitive Motion To Correct And Reduce Sentence Under Rule 35(a) (Doc. 216) and the Order of this Honorable Court (Doc. 220).

The defendant filed the instant motion (Doc. 216) seeking the Court to correct the sentence imposed on September 28, 2026 of 165 months, based upon a sentence within the applicable Guideline range, as determined by the Court at sentencing. Docs. 205, 209 and 212. The defendant argued for a sentence of 108 months at sentencing. Doc. 209. Upon imposition of sentence, the defendant made no objection to the Guideline calculations or sentence imposed. Seven days later, the defendant claims the Court erred in failing to account for the defendant's guilty plea and acceptance of responsibility, claiming the sentence was procedurally and substantively unreasonable. Doc. 216 at 1.

Fed. R. Crim. P. 35(a) provides: "Within 14 days after sentencing the court may correct a sentence that resulted from arithmetical, technical or other clear error." Relevant case authority points out the Fed. R. Crim. P 35 advisory

committee's notes (1991 Amendment) stating the scope of Rule 35 is "intended to be very narrow" and only applies where an "obvious error or mistake has occurred." United *States v. Sadler*, 234 F.3d 368, 373 (8th Cir. 2000). Rule 35 may be used to correct a sentence only if the sentence is "incorrect or unreasonable as a matter of law, such that [it] would 'almost certainly be remanded to the district court for further action' in the event of an appeal." *United States v. Cannon*, 719 F.3d 889, 891 (8th Cir. 2013) (quoting *Sadler*, 234 F.3d at 374).

The defendant's claims do not qualify as clear error under Rule 35(a). The Court made rulings on the guideline objections, and announced the Total Offense Level was 34 wth a Criminal History Category of I, netting an advisory Guidelines range of 151-188 months. Doc. 209 at 3. The United States argued the defendant was more culpable than a co-defendant and a sentence in the mid-range of the advisory Guideline range would be appropriate.

The Court sentenced the defendant within the advisory Guideline Range. The Supreme Court has held that a sentence within the advisory Guidelines range is presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 551 S.CT. 2456, 168 L.Ed.2d 203 (2007).

The defendant seeks to have a re-sentencing hearing prior to his direct appeal, simply because he disagrees with the sentence imposed by the Court. That would be procedurally flawed and only appropriate should the Eleventh Circuit remanded the case for resenting.

Based upon the afore-mentioned, the United States submits the defendant's Emergency Motion To Correct And Reduce Sentence Under Rule 35(a) should be denied.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: *<u>/s/ Joseph K. Ruddy</u>*

Joseph K. Ruddy
Assistant United States Attorney
United States Attorney No. 037
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
Email: Joseph.Ruddy@usdoj.gov

**U.S. v. Slawomir Winiewski** **Case No. 8:24-cr-429-CEH-CPT**

I hereby certify that on October 9, 2026, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, and a true copy was furnished to:

Counsel of Record

*By: /s/ Joseph K. Ruddy*

Joseph K. Ruddy
Assistant United States Attorney
United States Attorney No. 037
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
Email: Joseph.Ruddy@usdoj.gov