**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. CASE NO: 8:24-cr-429-CEH-CPT

SLAWOMIR WINIEWSKI
_______________________________/

**ORDER**

This cause is before the Court on Defendant Slawomir Winiewski's Time-Sensitive Motion to Correct and Reduce Sentence Under Rule 35(a) (Doc. 216). Winiewski asks the Court to modify his sentence because of an alleged error used to determine his sentence. The Government filed a response in opposition (Doc. 225). The Court heard argument on the motion on October 13, 2026, at which time it denied the motion. This order is to memorialize the Court's ruling.

On October 1, 2024, a two-count Indictment was filed against Winiewski and two codefendants, Wieslaw Robert Ruta, and Piotr Marek Adamczyk, for conspiracy to possess, and possession, with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine. Doc. 8. Winiewski pled guilty to the charged offenses.[1] Doc. 127. At sentencing on September 28, 2026, the Court found Winiewski's total offense level to be 34 with a criminal history category

[1] Codefendants Ruta and Adamczyk proceeded to a jury trial. Ruta was convicted of Count Two of the Indictment and sentenced to 151 months' imprisonment. Docs 161, 194. Adamczyk was convicted of Counts One and Two. Doc. 162. Adamczyk has not yet been sentenced.

of one, which yielded a guidelines range of 141 to 188 months. Winiewski was sentenced to 165 months' imprisonment. Doc. 212.

In his Motion, Winiewski argues that the Court used codefendant Ruta's 151-month sentence as a floor and treated that sentence as requiring a longer term for Winiewski. Doc. 216 at 2. He further argues that this comparison was a clear error under Federal Rule of Criminal Procedure 35(a) because the Court must assess Winiewski individually. *Id.* at 4.

Rule 35(a) provides that the Court may "correct a sentence that resulted from arithmetical, technical, or other clear error," within 14 days after sentencing. Fed. R. Crim. P. 35(a). Rule 35(a) applies where there is an obvious error that would almost certainly result in remand. *United States v. Lett*, 483 F.3d 782, 790 (11th Cir. 2007).

Defendant's motion is due to be denied. Defendant's allegation that the Court used his codefendant's sentence as a floor in his own sentencing is unfounded, as it is not supported by the record. Nowhere during the sentencing hearing did the Court state that Winiewski's codefendant's sentence would be used as a floor.[2] During sentencing, the Court acknowledged that Winiewski and codefendant Ruta were not similarly situated for purposes of the guidelines computation, but similar as to an offense of conviction. Winiewski, did not go to trial, accepted responsibility, was safety-valve eligibility, and had a more culpable role in the relevant conduct, about which he testified at the trial of his codefendants. The Court considered the 18 U.S.C.

[2] Defendant acknowledges that he did not have access to the transcript of the sentencing hearing when preparing the Motion. Doc. 216 at 2. n.1.

§ 3553(a) sentencing factors, including Winiewski's personal history and characters and the nature of the offense to impose a guidelines sentence of 165-months. No arithmetical, technical or clear error occurred in the sentencing of Defendant Winiewski.

Accordingly, it is

**ORDERED:**

1. Slawomir Winiewski's Time-Sensitive Motion to Correct and Reduce Sentence Under Rule 35(a) (Doc. 216) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 16, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies:
Counsel of Record
Unrepresented Parties